UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
EVANGALISTO PEREZ,

                Petitioner,

-against-

**MR. ROYCE, Superintendent,**

                Respondent.
-------------------------------------------------------------X

**MEMORANDUM AND ORDER**

20-CV-601 (AMD) (LB)

**ANN M. DONNELLY**, United States District Judge:

The *pro se* petitioner, Evangalisto Perez, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, the petitioner is directed to show cause by written affirmation, within thirty days from the date of this order, why his petition should not be dismissed as time-barred.

## BACKGROUND

The petitioner challenges his 2008 conviction for Course of Sexual Conduct Against a Child in the First Degree and related crimes in Kings County. (ECF No. 1 at 1.) On January 31, 2012, the Appellate Division affirmed the conviction. *People v. Perez*, 937 N.Y.S.2d 615 (2d Dep't 2012); (ECF No. 1 at 2). On March 25, 2013, the New York Court of Appeals denied his application for leave to appeal. *People v. Perez*, 20 N.Y.3d 1102 (2013). He filed this petition, dated January 16, 2020, on January 27, 2020. (*Id.* at 1, 15.)

The petitioner states that he filed multiple motions for collateral relief pursuant to New York Criminal Procedure Law § 440.10. (*Id.* at 3-5.) He states that one motion was "supposedly" filed in the trial court on an unknown date, and he attaches Exhibit B, which is entitled "Answer to Motion" and appears to be a notice filed by the Kings County District Attorney's Office in connection with the petitioner's application for leave to appeal a decision by

the trial judge. (*Id.* at 3, 23.) The petitioner filed a motion on February 21, 2018, which was denied on May 2, 2018. (*Id.* at 4.) He filed a third motion on May 21, 2018. (*Id.* at 4-5.) The petitioner states that he filed a motion to set aside his sentence pursuant to New York Criminal Procedure Law § 440.20, which was decided on June 24, 2019—the court's decision notes that the petitioner's motion was dated January 17, 2019. (*Id.* at 6, 25.) On December 10, 2019, the Appellate Division denied his application for leave to appeal. (*Id.* at 6, 31.)

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a "[one]-year period of limitation" for "an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The AEDPA provides that the limitation period will run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under AEDPA's tolling provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the one-year period. 28 U.S.C. § 2244(d)(2).

2

The AEDPA statute of limitations may be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 649 (2010). "Equitable tolling, however, is only appropriate in 'rare and exceptional circumstances.'" *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001), *cert. denied*, 535 U.S. 1017 (2002), *abrogation on other grounds recognized by Dillon v. Conway*, 642 F.3d 358 (2d Cir. 2011), (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)). A petitioner "must demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing during that time." *Id.*; *see also Baldayaque v. United States*, 338 F.3d 145, 151-53 (2d Cir. 2003); *Valverde v. Stinson*, 224 F.3d 129, 133-34 (2d Cir. 2000).

A district court can "raise a petitioner's apparent failure to comply with the AEDPA statute of limitation on its own motion." *Acosta v. Artuz*, 221 F.3d 117, 121 (2d Cir. 2000); *see also Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."). However, "unless it is unmistakably clear from the facts alleged in the petition, considering all of the special circumstances enumerated in Section 2244(d)(1), equitable tolling, and any other factor relevant to the timeliness of the petition, that the petition is untimely, the court may not dismiss a Section 2254 petition for untimeliness without providing petitioner prior notice and opportunity to be heard." *Acosta*, 221 F.3d at 125 (citing *Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999) and *Lugo v. Keane*, 15 F.3d 29, 30 (2d Cir. 1994)).

Based on the facts alleged in the petition, it appears that petitioner's application is untimely.[1] The Appellate Division affirmed his conviction on January 31, 2012. The Court of Appeals denied leave to appeal on March 25, 2013. Because the petitioner did not pursue an appeal to the United States Supreme Court, the judgment became final when his time to seek a writ of certiorari expired 90 days later, on June 23, 2013. *See Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001) (finding that the limitations period "begins to run only after the denial of certiorari or the expiration of time for seeking certiorari"). The petitioner had one year from that date, until June 23, 2014, to file his petition. *See* 28 U.S.C. § 2244(d)(1)(A). It does not appear that the other parts of AEDPA's limitations provision, § 2244(d)(1)(B)-(D), are applicable to this case.[2]

The petition does not provide a basis for statutory tolling under 28 U.S.C. § 2244(d)(2), or for equitable tolling. The petitioner asserts that he filed state motions for collateral relief in 2018, which is long after the limitations period expired. (ECF No. 1 at 4-5.) He also asserts that a motion was "supposedly" filed at an unknown date, and references what appears to be a part of the prosecutor's opposition to his motion for leave to appeal. (*Id.* at 4.) In order for the Court to consider statutory tolling for the period between June 23, 2013 and 2018, the petitioner must submit the dates on which any post-conviction motions were filed and decided.

---

[1] The petitioner states that he "is not attacking his conviction," just his "sentence." (ECF No. 1 at 13-14.) Even if the petitioner is challenging only his sentence, the limitations period prescribed by 28 U.S.C. § 2244(d)(1) still applies to his § 2254 petition. *See, e.g., Catala v. Bennett*, 273 F. Supp. 2d 468, 469, 472-73 (S.D.N.Y. 2003) (finding the petition, which included a challenge that the petitioner's sentence was "excessive," time-barred under 28 U.S.C. § 2244).

[2] These sections allow the limitations provision to run from "the date on which [an] impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed," the date on which a newly recognized constitutional right was recognized by the Supreme Court if the right is "made retroactively applicable to cases on collateral review," or "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(B)-(D).

4

## CONCLUSION

The petitioner is directed to show cause by written affirmation, within thirty days from the date of this order, why his petition should not be dismissed as time-barred.[3] *See Day*, 547 U.S. at 209-10; *Acosta,* 221 F.3d at 125. The petitioner must submit the dates he filed post-conviction motions, the dates the motions were decided, and any additional grounds for statutory tolling pursuant to 28 U.S.C. § 2244(d)(2). If he has any other grounds for statutory or equitable tolling, he may present them to the Court.[4]

No response is required from the respondent at this time, and all further proceedings are stayed for thirty days or until the petitioner has complied with this order. If the petitioner does not comply with this order, his petition may be dismissed as time-barred.

**SO ORDERED.**

Dated: Brooklyn, New York
    March 4, 2020

                                s/Ann M. Donnelly
                                _____
                                ANN M. DONNELLY
                                United States District Judge

---

[3] An affirmation form is attached to this order for the petitioner's convenience.
[4] The petitioner asserts that he is "illiterate," but "it is well settled that problems of literacy and language do not constitute 'exceptional circumstances' in this context." *Guzman v. United States*, No. 01-CR-257, 2014 WL 3950673, at *2 (S.D.N.Y. Aug. 13, 2014) (citing cases).

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
**EVANGALISTO PEREZ,**

                Petitioner,                              **PETITIONER'S AFFIRMATION**

    -against-                                            20-CV-601 (AMD) (LB)

**MR. ROYCE, Superintendent,**

                Respondent.
-------------------------------------------------------------x

STATE OF NEW YORK    }
                                } ss:
COUNTY OF _____  }

       I, EVANGALISTO PEREZ, make the following affirmation under the penalties of perjury:

1.    I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's order dated _____, 2020. The instant petition should not be time-barred by the AEDPA's one-year statute of limitations because _____

_____

_____

_____

_____

_____

_____

_____

_____

1

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____  [YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

2. In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

Dated: _____

_____
Signature

_____
Address

_____
City, State & ZIP