UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
**EVANGALISTO PEREZ**,

                Petitioner,

  -against-

**MR. ROYCE, Superintendent**,

                Respondent.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**

20-CV-601 (AMD) (LB)

**ANN M. DONNELLY**, United States District Judge:

The *pro se* petitioner, Evangalisto Perez, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 4, 2020, the Court directed the petitioner to show cause within thirty days why his petition should not be dismissed as time-barred. (ECF No. 4.) The Court received the petitioner's written affirmation, dated March 27, 2020, on April 7, 2020. (ECF No. 5.) The written affirmation does not demonstrate that his petition is timely, or that its untimeliness may be excused. Accordingly, I dismiss the petition as time-barred.

## BACKGROUND

The petitioner challenges his 2008 conviction for Course of Sexual Conduct Against a Child in the First Degree and related crimes. (ECF No. 1 at 1.) On January 31, 2012, the Appellate Division, Second Department, affirmed the conviction. *People v. Perez*, 937 N.Y.S.2d 615 (2d Dep't 2012); (ECF No. 1 at 2). The New York Court of Appeals denied his application for leave to appeal on March 25, 2013. *People v. Perez*, 20 N.Y.3d 1102 (2013). The Court received this petition, dated January 16, 2020, on January 27, 2020. (*Id.* at 1, 15.)

Although the petitioner alleged in his petition that he filed multiple motions for collateral relief pursuant to New York Criminal Procedure Law § 440.10, he did not include the dates for all of the motions. (*Id.* at 3-5; *see also* ECF No. 4 at 1-2.) According to the petition, the

petitioner filed one motion on February 21, 2018, which was denied on May 2, 2018, and another motion on May 21, 2018. (*Id.* at 4-5.) He also filed a motion to set aside his sentence, which was decided on June 24, 2019; the court's decision notes that the petitioner's motion was dated January 17, 2019. (*Id.* at 6, 25.)

I directed the petitioner to submit the dates he filed post-conviction motions and the dates the motions were decided. (ECF No. 4 at 5.) However, the petitioner's affirmation does not provide dates for any additional motions. (*See* ECF No. 5.)

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a "[one]-year period of limitation" for "an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The AEDPA provides that the limitation period will run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under AEDPA's tolling provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

2

judgment or claim is pending shall not be counted" toward the one-year period. 28 U.S.C. § 2244(d)(2).

Although the AEDPA statute of limitations may be equitably tolled, *Holland v. Florida*, 560 U.S. 631, 649 (2010), "[e]quitable tolling . . . is only appropriate in 'rare and exceptional circumstances.'" *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001), *cert. denied*, 535 U.S. 1017 (2002), *abrogation on other grounds recognized by Dillon v. Conway*, 642 F.3d 358 (2d Cir. 2011), (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)). A petitioner "must demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing during that time." *Id.*; *see also Baldayaque v. United States*, 338 F.3d 145, 151-53 (2d Cir. 2003); *Valverde v. Stinson*, 224 F.3d 129, 133-34 (2d Cir. 2000).

A district court can "raise a petitioner's apparent failure to comply with the AEDPA statute of limitation on its own motion." *Acosta v. Artuz*, 221 F.3d 117, 121 (2d Cir. 2000); *see also Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."). However, "unless it is unmistakably clear from the facts alleged in the petition, considering all of the special circumstances enumerated in Section 2244(d)(1), equitable tolling, and any other factor relevant to the timeliness of the petition, that the petition is untimely, the court may not dismiss a Section 2254 petition for untimeliness without providing petitioner prior notice and opportunity to be heard." *Acosta*, 221 F.3d at 125 (citing *Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999) and *Lugo v. Keane*, 15 F.3d 29, 30 (2d Cir. 1994)).

Based on the facts alleged in the petition and affirmation, the petitioner's application is untimely. As discussed in my memorandum and order (ECF No. 4), the petitioner's conviction

3

became final on June 23, 2013, ninety days after the Court of Appeals denied leave to appeal on March 25, 2013. *See Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001) (the limitations period "begins to run only after the denial of certiorari or the expiration of time for seeking certiorari"). The petitioner had one year from that date—until June 23, 2014—to file his petition. *See* 28 U.S.C. § 2244(d)(1)(A).

I gave the petitioner an opportunity to present grounds for statutory or equitable tolling (ECF No. 4 at 4-5), but his affirmation does not provide a basis for tolling. While the petitioner asserts that he filed state motions for collateral relief in 2018 (ECF No. 1 at 4-5), that is long after the limitations period expired, and he does not claim in his motion or his affirmation that he filed any motion before the limitations period expired on June 23, 2014. Accordingly, I find no grounds for statutory tolling.

Nor did his section 440 motions reset the one-year period. "[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000); *see also Ruffin v. Superintendent*, No. 18-CV-61, 2019 WL 1929985, at *4 (N.D.N.Y. Apr. 5, 2019), *report and recommendation adopted*, 2019 WL 1921968 (N.D.N.Y. Apr. 30, 2019) ("There is no statutory tolling in this case because the petitioner did not file his section [440.10 and 440.20] motions until 2015, well after the statute of limitations had expired, and thus, the pendency of his section 440 motions would not serve to toll the statute, nor would they restart the running of the statute."). Similarly, even if the petitioner is challenging only his sentence, the limitations period still applies. *See, e.g., Catala v. Bennett*, 273 F. Supp. 2d 468, 469, 472-73 (S.D.N.Y. 2003) (the

4

petition, which included a challenge that the petitioner's sentence was "excessive," was time-barred under 28 U.S.C. § 2244).

The petitioner argues for equitable tolling. He claims that he is "totally illiterate with no education," has "no familiarity with the fundamentals of criminal procedural law or administrative law functions," was "unaware" of AEDPA's one-year limitations period, had no legal advice and did not get help from prisoners and inmate law library paralegals. (ECF No. 5 at 3-4.) These circumstances do not entitle the petitioner to equitable tolling. *See Guzman v. United States*, No. 01-CR-257, 2014 WL 3950673, at *2 (S.D.N.Y. Aug. 13, 2014) ("[I]t is well settled that problems of literacy and language do not constitute 'exceptional circumstances' in this context.") (citing cases); *Francis v. Miller*, 198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002) ("limited education," "ignoran[ce] of the law and legal procedure" and "limited access to legal assistance" are not extraordinary circumstances that warrant equitable tolling) (citing cases); *Stokes v. Miller*, 216 F. Supp. 2d 169, 172-73 (S.D.N.Y. 2000) (insufficiency of legal assistance, lack of education and inability to receive meaningful assistance from prison library staff do not constitute extraordinary circumstances) (citing cases).

The petitioner also claims that he could not obtain assistance to "demonstrate to the courts his innocence" (ECF No. 5 at 3), which I construe as an argument that "actual innocence" allows the petitioner to avoid the "expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). However, "tenable actual-innocence gateway pleas are rare," and a "petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (citations omitted). The petitioner does not claim that there is any new evidence that demonstrates his innocence. Indeed, the petitioner is not claiming

that he is actually innocent; as he says, he "is not attacking his conviction," just his sentence. (ECF No. 1 at 13.) Accordingly, he cannot use actual innocence as a gateway to federal habeas review of his untimely petition.

The petitioner also argues that a state procedural rule allows him to overcome the statute of limitations. The petitioner argues that New York's Criminal Procedure Law § 440.20, which provides that "[a]t any time after the entry of a judgment, the court in which the judgment was entered may, upon motion of the defendant, set aside the sentence upon the ground that it was unauthorized, illegally imposed or otherwise invalid as a matter of law," operates as a "waiver" by the state of the federal statute of limitations applying to federal court review. (ECF No. 5 at 1-2.) Citing *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), he asserts that "except as to matter[s] governed by the U.S. Constitution and acts of Congress, the law to be applied in any case is the law of the state in which the federal court is situated." (*Id.* at 2.) In this case, however, an act of Congress—AEDPA—controls; it provides for a one-year limitations period. Moreover, as discussed above, filing a section 440.20 motion does not reset this limitations period. *See Smith,* 208 F.3d at 17; *Ruffin*, 2019 WL 1929985, at *4. Accordingly, I reject the petitioner's argument.

## CONCLUSION

I have considered the claims in the original petition and the subsequent affirmation and find that the limitations period has expired. Accordingly, the petition for a writ of habeas corpus is dismissed as time-barred. A certificate of appealability will not be issued because the petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 112-13 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from a judgment denying the

6

instant petition would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is respectfully directed to enter judgment and close this case.

**SO ORDERED.**

                                                                            s/Ann M. Donnelly
                                                  _____
                                                  ANN M. DONNELLY
                                                 United States District Judge

Dated:  Brooklyn, New York
        April 24, 2020